UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIAM DuBUSKE, MICHAEL
DUCHAINE, and GARY MAYNARD, on
behalf of themselves and all others similarly
situated,
                    Plaintiffs,

v.

PEPSICO, INC., THE EMPLOYEE
BENEFITS BOARD, THE PEPSICO
ADMINISTRATION COMMITTEE, and
JOHN/JANE DOES ##1–50,
                    Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

18 CV 11618 (VB)

Briccetti, J.:

    Before the Court is plaintiffs' motion to alter or amend and/or relief from the Judgment, and for reconsideration of the Court's Opinion and Order dated September 24, 2019, in which the Court granted defendants' motion to dismiss plaintiffs' complaint; or, in the alternative, for leave to amend the original complaint. (Doc. #47).

    For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

    The Court assumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I.    Legal Standard

    "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d

782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also SDNY Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

II. Application

Plaintiffs contend the Court committed two errors in granting defendants' motion to dismiss. First, plaintiffs argue the Court did not consider their allegations that defendants violated ERISA § 205(d), 29 U.S.C. § 1055(d).

The Court agrees for the reasons set forth below.

In light of defendants' motion to dismiss for failure to state a claim, the Court's assessment of plaintiffs' claims for relief was based, appropriately, on plaintiffs' locution of those claims. Plaintiffs' first and second claims for relief each contain the following recitation: "By not providing an actuarially equivalent benefit, Defendants have violated ERISA's anti-

2

forfeiture clause, ERISA § 203(a), 29 U.S.C. § 1053(a)." (Compl. ¶¶ 61, 65). Given this phrasing, the Court, not surprisingly, considered plaintiffs' allegations against the backdrop of ERISA's anti-forfeiture clause, Section 203(a).

Plaintiffs contend their original complaint contains several references to ERISA Section 205(d), 29 U.S.C. § 1055(d), and allegations that defendants violated this provision. However, as plaintiffs now acknowledge, the complaint is hardly a model of clarity and thus does not make clear that these allegations give rise to an independent basis for relief. This is why the September 24 Opinion and Order does not consider a claim for relief pursuant to ERISA Section 205(d).

Because their complaint did not readily identify a claim for relief under ERISA Section 205(d), plaintiffs now request leave to amend the dismissed complaint. This request underscores plaintiffs' second argument respecting the September 24 Opinion and Order: that the Court failed to consider plaintiffs' request to amend the complaint as set forth in their opposition to defendants' motion to dismiss. In support of this argument, plaintiffs rely on Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013), for the proposition that "it is the usual practice [in this Circuit] upon granting a motion to dismiss to allow leave to replead." They fail to recognize, however, that the Court had already given them an opportunity to clarify and replead the allegations of the original complaint.

Indeed, on February 19, 2019, following defendants' submission of their motion to dismiss, the Court ordered plaintiffs to notify the Court whether they intended to (i) file an amended complaint in response to the motion, or (ii) rely on the original complaint. (See Doc. #24). The February 19 Order further stated: "If plaintiffs elect not to file an amended complaint, the motion will proceed in the regular course, and the Court is unlikely to grant plaintiffs a

further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendants' motion." (Id.).

Armed with a copy of the motion to dismiss in one hand, and an opportunity to amend the complaint in the other, plaintiffs chose not to amend the complaint but to rely on their claims as originally pleaded. (See Doc. #27 at 1) ("Plaintiffs hereby notify the Court and Defendants that Plaintiffs intend to rely on the complaint that is the subject of Defendants' Motion, and will not be filing an amended complaint.").

Moreover, plaintiffs' request to amend appears in a single sentence in their opposition to defendants' motion to dismiss, buried in the last paragraph of the twenty-five-page filing.

For the above reasons, plaintiffs' argument that the Court failed to consider plaintiffs' request to amend the complaint borders on the disingenuous. The question nevertheless remains whether to: (i) vacate the Judgment and allow plaintiffs to amend their complaint; (ii) vacate the Judgment, allow amendment, and reconsider the Court's rulings in the September 24 Opinion and Order; or (iii) do nothing at all.

In an exercise of its discretion, the Court will vacate the Judgment and permit plaintiffs to file an amended complaint, subject to the limitations set forth herein. Though a close call, this decision does not prejudice defendants and will allow the Court to resolve plaintiffs' claims on the merits. See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 62 (2d Cir. 1996) (noting the strong preference in this Circuit for resolving cases on the merits). Indeed, once plaintiffs file an amended complaint, defendants will have every opportunity to raise the arguments set forth in their opposition to the instant motion. To be clear, the Court is not rejecting defendants' argument that re-pleading ERISA Section 205(d) claims would be futile—if defendants believe that is the case, they may move to dismiss the amended complaint on that basis.

4

However, having carefully reviewed its earlier decision and the parties' briefing, the Court concludes it did not overlook facts or precedent that might have altered its conclusions respecting ERISA's anti-forfeiture rule in Section 203. Plaintiffs' first and second claims for relief respecting ERISA Section 203 therefore remain dismissed. Plaintiffs' anticipated amended complaint may not seek to relitigate these issues.

The same holds for plaintiffs' third claim for relief for breach of fiduciary duty. That claim remains dismissed inasmuch as it hinges on an application of ERISA's anti-forfeiture rule in Section 203. As such, the anticipated amended complaint may not relitigate the issue as to whether defendants breached fiduciary duties with respect to ERISA Section 203.

Accordingly, for the reasons above, the Court vacates the Judgment dated September 25, 2019 (Doc. #46), and grants plaintiffs leave to file an amended complaint. To be clear, plaintiffs' amended complaint may plead—with the utmost clarity—claims respecting ERISA Section 205(d) only. Also, because the amended complaint will completely replace, not supplement, the original complaint, plaintiffs must include in the amended complaint all information necessary for their supposed ERISA Section 205(d) claims.

## CONCLUSION

The motion for reconsideration is GRANTED IN PART and DENIED IN PART.

Plaintiffs shall file an amended complaint, subject to the limitations set forth herein, by November 21, 2019.

Defendants shall answer, move, or otherwise respond with respect to amended complaint by December 5, 2019.

The Clerk is instructed to vacate the Judgment (Doc. #46) and reopen the case.

The Clerk is further instructed to terminate the motion. (Doc. #47).

Dated: November 7, 2019
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge